UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Melody Bynum,<br><br>                    Plaintiff,<br>       -v-<br><br>Maplebear Inc.,<br>d/b/a Instacart,<br><br>                    Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Melody Bynum ("plaintiff" or "Bynum"), by Abdul Hassan Law Group, PLLC, her attorneys, complaining of the defendant Maplebear Inc. ("defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by defendant, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder as well as NYLL 190-198 and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages and/or interest, and attorneys' fees pursuant

to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

7. Plaintiff is an adult, over eighteen years old, who currently resides in Queens County, New York.

8. Upon information and belief, defendant Maplebear Inc. was a foreign for-profit corporation, incorporated in the State of Delaware and duly authorized and existing under the laws of New York.

## STATEMENT OF FACTS

9. Upon information and belief and at all times relevant herein, defendant provided delivery persons to businesses such as Costco, Fairway, Wholefoods, and Key Foods etc.

10. Upon information and belief and at all times relevant herein, defendant employed several hundreds of delivery persons like plaintiff.

11. From in or around October 2014 to on or about October 7, 2015 (the "work period), plaintiff was hired by defendant to do delivery work.

12. At all times relevant herein, plaintiff worked for defendant within New York City and served a

specific geographic area such as Kings County and New York County.

13. At all times relevant herein, plaintiff was hired and fired by defendant.

14. During the work period, plaintiff was supervised by defendant.

15. During the work period, defendant directed and instructed plaintiff as to what work to do and how to do such work.

16. During the work period, defendant set plaintiff's work schedule and work hours.

17. During the work period, defendant paid plaintiff based on the hours and schedule it set for plaintiff each week.

18. At all times relevant herein, plaintiff was never in business for herself and was economically dependent for employment, work and wages on defendant.

19. At all times relevant herein, plaintiff's delivery work was integral to defendant's business and that of its clients.

20. At all times relevant herein, plaintiff was required to wear an identification badge around her neck while working for defendant and she did so – the name and logo of defendant was printed on the identification badge.

21. At all times relevant herein, plaintiff was required by defendant to represent herself as an employee of defendant and she did so.

22. When defendant no longer wanted plaintiff to perform work for it, plaintiff was terminated as a result.

23. At all times relevant herein, plaintiff was required to follow defendant's rules and procedures when performing work for defendant and she did so.

24. At all times relevant herein, plaintiff was a manual worker and manual employee of defendant. Plaintiff lifted and transported packages for delivery all throughout her work day and she

performed the physical and manual task of operating a motor vehicle through the day to do the deliveries for defendant.

25. At all times relevant herein, plaintiff was paid at a rate of $10 - $18 an hour at separate times during her employment with defendant.

26. At all times relevant herein, plaintiff was paid at her straight regular rate for all hours worked, including her overtime hours (hours over 40 in a week), for week wherein such overtime hours were worked.

27. At all times relevant herein, plaintiff worked approximately 45-60 hours a week for defendant and sometimes more, 5-6 days a week.

28. A more precise statement of the hours and wages will be made when plaintiff obtains the wage, time and employment records defendant was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of plaintiff's wage and time records that defendant was required to keep are incorporated herein by reference.

29. At all times relevant herein, defendant misclassified plaintiff as a non-employee, and as a result, defendant did not pay plaintiff overtime wages of at least 1.5 times her regular rate as required by the FLSA and NYLL.

30. At all times relevant herein, plaintiff was asked to use her personal vehicle to make deliveries for defendant but defendant never reimbursed plaintiff for the use of her vehicle or for expenditures for gas, tolls, etc. At all relevant times herein, plaintiff spent approximately $80-$85 on fuel costs/tolls a week, to perform work for defendant.

31. From in or around June 2015, until her termination, plaintiff was not reimbursed for the cost of parking tickets incurred while performing work for defendant – plaintiff paid about $1000 or more in parking tickets and defendant failed to reimburse plaintiff for such work related expenses.

32. At all times relevant herein, defendant did not provide plaintiff with the notice(s) required by

NYLL 195(1).

33. At all times relevant herein, defendant did not provide plaintiff with the statement(s) required by NYLL 195(3).

34. At all times relevant herein, defendant did not pay the employment taxes and dues for and on behalf of plaintiff as required by law.

35. At all times relevant herein and for the time plaintiff was employed by defendant, defendant failed and willfully failed to pay plaintiff an overtime rate of at least 1.5 times her regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

36. Upon information and belief and at all times relevant herein, defendant had annual revenues from its operations of more than five hundred thousand dollars.

37. Upon information and belief and at all times applicable herein, defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

38. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

39. The "·present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
**(DECLARATORY JUDGMENT)**

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. At all times relevant herein, defendant misclassified plaintiff as an independent contractor, even though plaintiff was at all relevant times, an employee of defendant as a matter of law.

42. Plaintiff seeks a declaratory judgment that at all relevant times herein, she was an employee of defendant under the Internal Revenue Code, and specifically, under the Federal Insurance Contributions Act ("FICA"). See 26 U.S.C. § 3121(b). U.S. v. MacKenzie 777 F.2d 811, 814 (2d Cir., 1985).

43. Plaintiff also seeks a declaratory judgment that at all relevant times herein, she was an employee of defendant under the federal Fair Labor Standard Act and New York Labor Law under which plaintiff sues herein. See Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 141–42 (2d Cir.2008). Brock v. Superior Care, Inc., 840 F.2d 1054 (2d Cir.1988).

44. The declarations of employee status sought by plaintiff herein, will allow plaintiff to seek certain tax contributions from defendant, as well as make her eligible to seek a range of benefits that comes with employee status such as unemployment insurance benefits, as well as benefits offered by defendant to its other employees and other benefits provided by law to employees. Plaintiff herein is seeking to recover all benefits that come with employee status that can be recovered in this action under law.

## AS AND FOR A SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime Wages)

45. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

46. At all times relevant herein, plaintiff was employed by defendant within the meaning of the FLSA - 29 U.S.C § 201 et Seq.

47. At all times relevant herein, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207.

48. At all times relevant herein, defendant, transacted commerce and business in excess of $500,000.00 annually or had revenues or expenditures in excess of $500,000.00 annually.

6                                                    6

49. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

50. Due to defendant's FLSA violations, plaintiff is entitled to recover from defendant, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)**

51. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if set forth fully and at length herein.

52. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

53. At all times relevant herein, defendant failed to pay and willfully failed to pay plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

54. Due to defendant's NYLL overtime violations, plaintiff is entitled to recover from defendant, her unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW § 190, 191, 193 and 198**

55. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 54 with the same force and effect as if fully set forth at length herein.

56. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

57. Defendant violated and willfully violated plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by withholding, deducting, and not reimbursing plaintiff the monies plaintiff paid for gas/tolls, and parking tickets, while performing work for defendant, as set forth above, and by failing to pay plaintiff all her non-overtime and overtime wages, as required under NY Labor Law § 190 et seq.

58. At all times relevant herein, defendant failed and willfully failed to provide plaintiff, with the notice(s) required by NYLL 195(1) – plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendant to comply with NYLL 195(1).

59. At all times relevant herein, defendant failed and willfully failed to provide plaintiff with the statement(s) required by NYLL 195(3) – plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing defendant to comply with NYLL 195(1).

## **Relief Demanded**

60. Due to defendant's New York Labor Law Article 6 violations including violation of section 191 and 193, plaintiff is entitled to recover from defendant, the entire unpaid non-overtime and overtime wages, reimbursement for unlawful deductions, plus maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

61. Declare defendant (including its overtime and wage payment policy and practice as well as its wage deduction policy and practice), to be in violation of the rights of plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 196 and 198.

62. As to the **First Cause of Action**, issue a declaratory judgment that plaintiff at all relevant times was an employee of defendant under the Internal Revenue Code, including the Federal Insurance Contributions Act, as well as under the FLSA and NYLL.

63. As to the **Second Cause of Action,** award plaintiff her unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

64. As to the **Third Cause of Action,** award plaintiff her unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

65. As to the **Fourth Cause of Action**, award plaintiff her entire unpaid wages, including her unpaid non-overtime and overtime wages, reimbursement for unlawful deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendant to comply with NYLL 195(1) and NYLL 195(3).

66. Award plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

67. Award plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**

9          9

**October 30, 2015**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*