**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELODY BYNUM, </br></br>     Plaintiff, </br></br> v. </br></br> MAPLEBEAR INC., d/b/a INSTACART, </br></br>     Defendant. | Civ. Action #: 1:15-cv-06263 (JBW-CLP) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPELLATE CERTIFICATION**

1100730

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND .................................................................................................................2

III. ARGUMENT........................................................................................................................3

    A. Plaintiff fails to satisfy the high threshold required for a § 1292(b) certification. ...............................................................................................................3

    B. Ms. Bynum's waiver of arbitration does not have the effect of converting the Court's order into a final appealable order. .......................................................9

IV. CONCLUSION..................................................................................................................12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Adkins v. Labor Ready, Inc.*
  303 F.3d 496 (4th Cir. 2002) ...................................................................................5

*Barrentine v. Arkansas-Best Freight Sys. Inc.*
  450 U.S.728 (1981)..........................................................................................5, 6, 7

*Brooklyn Savings Bank v. O'Neil*
  324 U.S. 697 (1945)...................................................................................................8

*Camesi v. University of Pittsburgh Med. Center*
  729 F.3d 239 (3d Cir. 2013).................................................................................9, 10

*Casey v. Long Island R.R. Co.*
  406 F.3d 142 (2d Cir. 2005)........................................................................................3

*Cheeks v. Freeport Pancake House, Inc.*
  796 F.3d 199 (2d Cir. 2015).......................................................................................8

*Ciago v. Ameriquest Mortg. Co.*
  295 F. Supp. 2d 324 (S.D.N.Y. 2003).................................................................4, 5, 7

*Cunningham v. Hamilton County, Ohio*
  527 U.S. 198 (1999)..................................................................................................12

*D.A. Schulte, Inc. v. Gangi*
  328 U.S. 108 (1946).....................................................................................................8

*DiRussa v. Dean Witter Reyholds Inc.*
  121 F.3d 818 (2d Cir. 1997).........................................................................................7

*Gilmer v. Interstate/Johnson Lane Corp.*
  500 U.S. 20 (1991).......................................................................................................5

*In re Adelphia Commc'ns Corp.*
  2008 WL 361082 (S.D.N.Y. Feb. 11, 2008)................................................................3

*In re AroChem Corp.*
  176 F.3d 610 (2d Cir. 1999).........................................................................................3

*Jonites v. Ezelon Corp.*
  522 F.3d 721 (7th Cir. 2008) .......................................................................................7

*Klinghoffer v. S.N.C. Achille Lauro*
    921 F.2d 21 (2d Cir. 1990)..................................................................................................3

*Lewis v. Epic Systems Corp.*
    823 F.3d 1147 (7th Cir. 2016) ............................................................................................8

*McNeil v. Aguilos*
    820 F. Supp. 77 (S.D.N.Y. 1993).......................................................................................3

*Robert Lawrence Co. v. Devonshire Fabrics, Inc.*
    271 F.2d 410 (2d Cir. 1959)...............................................................................................4

*Sears, Roebuck & Co. v. Mackey*
    351 U.S. 427 (1956)...........................................................................................................2

*Slayton v. Am. Express Co.*
    460 F.3d 215 (2d Cir. 2006).............................................................................................11

*Sullivan v. Pacific Indem. Co.*
    566 F.2d 444 (3d Cir. 1977).........................................................................................9, 10

*Sutherland v. Ernst & Young LLP*
    726 F.3d 290 (2d Cir. 2013)...............................................................................................4

*Transp. Workers Union of Am., Local 100 v. NYC Transit Auth.*
    358 F. Supp. 2d 347 (S.D.N.Y. 2005)................................................................................3

*Westerbeke Corp. v. Daihatsu Motor Co.*
    304 F.3d 200 (2d Cir. 2002)...............................................................................................7

**State Cases**

*Aimcee Wholesale Corp. v. Tomar Prods., Inc.*
    21 N.Y. 2d 621 (1968) .......................................................................................................7

**Federal Statutes**

9 U.S.C. § 16......................................................................................................................1

28 U.S.C. § 1291.........................................................................................................10, 11

28 U.S.C. § 1292................................................................................................... *passim*

**Federal Rules**

Fed. R. Civ. P. 12..............................................................................................................11

Fed. R. Civ. P. 23................................................................................................................9

Fed. R. Civ. P. 41 ................................................................................................................8, 9

I.      INTRODUCTION

Maplebear, Inc. d/b/a Instacart ("Instacart") respectfully submits this memorandum in opposition to Plaintiff Melody Bynum's request for appellate certification of this Court's August 12, 2016 order compelling arbitration pursuant to the Federal Arbitration Act ("FAA"). The general rule under the FAA is that "an appeal may not be taken from an interlocutory order . . . granting a stay of any action under section 3 . . . [or] directing arbitration to proceed under section 4." 9 U.S.C. §§ 16(a) and (b). Ms. Bynum seeks to avoid this statutory result by arguing (1) that the Court should certify its order for appeal pursuant to 28 U.S.C. § 1292(b); or, alternatively, (2) that it should permit her to manufacture an interlocutory appellate right by "waiver of arbitration," while simultaneously noting that "Plaintiff does not waive arbitration if the Court certifies its order [p]ursuant to 28 U.S.C. 1292." Motion. (ECF No. 45) at 1.

Instacart respectfully requests that the Court deny both of Ms. Bynum's requests. *First*, certification under §1292(b) is improper because Ms. Bynum has not—and cannot—satisfy the high threshold required for interlocutory appellate certification. Contrary to Ms. Bynum's argument, the issue raised in her appeal (and in the Court's February 12, 2016 Order)—whether FLSA claims are arbitrable—is not a question of law as to which there is a difference of opinion. As this Court has held, it is well-settled that FLSA claims—like other employment claims—are arbitrable under the FAA. Indeed, the law is so settled that no court has held otherwise. *Second*, the Court should also deny Ms. Bynum's request that the Court rule that the February 12, 2016 Order is "final" for purposes of appeal in light of her partial waiver of arbitration. Ms. Bynum has cited no authorities for the proposition that she may—by her own action—create finality and secure an otherwise unavailable interlocutory appeal under the FAA. Rather, case law is clear that the Court—not the parties—serves as the gatekeeper for the court of appeals, and the parties

may not usurp the district court's "dispatcher" function in determining when a final decision is ready for appeal.  *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956).

Accordingly, as further explained below, the Court should deny Ms. Bynum's motion in its entirety and order her to proceed with her claims in arbitration before JAMS, consistent with the parties' agreement and the Court's February 12, 2016 order.

## II.    BACKGROUND

On February 12, 2016, this Court granted Instacart's motion to compel Melody Bynum to submit her claims against Instacart to arbitration pursuant to the parties' arbitration agreement and the FAA.  In granting Instacart's motion and staying the litigation pending arbitration, this Court rejected Ms. Bynum's argument that FLSA claims were not arbitrable, holding: "The decisions of the Supreme Court, as well as of courts both inside and outside this circuit, indicate that valid arbitration agreements subjecting individual FLSA claims to arbitration must be enforced in accordance with the FAA."  ECF No. 34 (February 12, 2016 Order ("Order") at 21).

Following this Court's Order, on February 29, 2016, Ms. Bynum appealed the Court's decision to the Second Circuit.  In her brief before the Court of Appeals, Ms. Bynum stated that she could appeal the Court's February 12, 2016 Order as a matter of right, because she had decided to decline arbitration.  Similarly, in a letter to this Court dated February 29, 2016, Ms. Bynum asked this Court to "convert its stay to a dismissal of the action," so that she could take an "appeal as of right to the Second Circuit Court of Appeals."  February 29, 2016 Letter at 2.  On March 7, 2016, the Court issued an order denying the request.  *See* ECF No. 40.

On July 13, 2016, on Instacart's motion, the Second Circuit dismissed Ms. Bynum's appeal for lack of jurisdiction and remanded the case to this Court.  The Second Circuit directed the Court upon remand to consider "whether [Ms. Bynum's] waiver of the right to arbitrate entitles [her] to termination of the existing stay and dismissal of the action, and/or whether

1100730                                                   2

certification under 28 U.S.C. § 1292(b) is appropriate." ECF No. 41. On August 12, 2016, this Court issued an order directing the parties to "brief the issues raised by the Court of Appeals." ECF No. 42. Ms. Bynum filed the instant motion on August 18, 2016.

### III. ARGUMENT

#### A. Plaintiff fails to satisfy the high threshold required for a § 1292(b) certification.

It is well-settled that "interlocutory appeals are strongly disfavored in federal practice," and the movant cannot invoke the appellate process "as a vehicle to provide early review [even] of difficult rulings in hard cases." *In re Adelphia Commc'ns Corp.*, 2008 WL 361082, at *1 (S.D.N.Y. Feb. 11, 2008). Only "exceptional circumstances" will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits. *See In re AroChem Corp.*, 176 F.3d 610, 619 (2d Cir. 1999); *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993).

To obtain a §1292(b) certification of an order for interlocutory appeal, a party must demonstrate: "(1) that such order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). Ms. Bynum has the burden of demonstrating that all three of the substantive criteria are met. *See Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005). However, "even where the three legislative criteria of section 1292(b) appear to be met, district courts retain unfettered discretion to deny certification if other factors counsel against it." *Transp. Workers Union of Am., Local 100 v. NYC Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005). Such unfettered discretion can be for "any reason, including docket congestion" and "the system-wide costs and benefits of allowing the appeal." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24

(2d Cir. 1990). These considerations are particularly relevant in the context of an interlocutory order compelling arbitration, as one of Congress's recognized purposes in enacting the FAA was "to help ease the current congestion of court calendars." *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 410 (2d Cir. 1959).

Ms. Bynum's request for certification should be denied because she cannot demonstrate that the Court's February 12, 2016 Order involves a "controlling question of law as to which there is substantial ground for difference of opinion." Ms. Bynum's motion states that the "controlling question of law here is whether the FLSA 'nullifies an arbitration clause contained in' the parties purported agreement." Mot. at 3. "[I]n other words, whether the FLSA claims are nonarbitrable." *Id*. Contrary to Ms. Bynum's argument, there is no difference of opinion whatsoever as to whether FLSA claims are arbitrable because the case law is unanimous that FLSA claims are arbitrable pursuant to a private arbitration agreement under the FAA. *See* Order at 19-20 (listing cases). As this Court's Order recognized, "the leading Second Circuit case addressing the arbitrability of FLSA claims"—*Sutherland v. Ernst & Young LLP,*, 726 F.3d 290, 294-295 (2d Cir. 2013)—held that FLSA claims are subject to private agreements to arbitrate under the FAA. *Id*. at 20. In *Sutherland*, the Second Circuit "reiterated the liberal federal policy in favor of arbitration" and specifically rejected the plaintiff's argument (similar to Ms. Bynum's argument here) that enforcing the arbitration provision in her employment contract would prevent her from "effectively vindicating" her rights under the FLSA. *Sutherland*, 726 F.3d at 294-5.

No case has held that FLSA claims should be afforded a special exemption from arbitration under the FAA. Rather, numerous courts have concluded that "Congress has not evinced an intention to preclude arbitration of FLSA claims." *Ciago v. Ameriquest Mortg. Co.*,

295 F. Supp. 2d 324, 332 (S.D.N.Y. 2003); *see also* Order at 20 (listing cases compelling arbitration of FLSA claims). Indeed, as this Court observed: "The decisions of the Supreme Court, as well as of courts both within and outside this circuit, indicate that valid arbitration agreements subjecting individual FLSA claims to arbitration must be enforced in accordance with the FAA." *Id*. at 21. As this Court also recognized, the Supreme Court has held that "[b]y agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.'" *Id*. (*citing see Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 26 (1991)).

Ms. Bynum's citations to *Barrentine v. Arkansas-Best Freight Sys. Inc.,* 450 U.S.728, 740 (1981), are misplaced. *Barrentine* has no application to this case because it does not bear on the private arbitration of FLSA claims under the FAA. Indeed, numerous courts have held that *Barrentine* has no bearing on the arbitrability of FLSA claims. *See e.g., Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir. 2002) (distinguishing Barrentine in a case involving a private agreement to arbitrate because *Barrentine* "was limited to the case of collective-bargaining arbitration and was thus rooted in substantive concerns that simply do not apply" out of the collective bargaining context); *Ciago v. Ameriquest Mortg. Co*., 295 F. Supp. 2d 324, 332 (S.D.N.Y. 2003) (same).

*Barrentine* involves a question not at issue here: whether a union member can bring FLSA claims in federal court before exhausting the grievance-arbitration procedures provided in a collective-bargaining agreement ("CBA"). 450 U.S. at 729. In that case, pursuant to the CBA, Mr. Barrentine was required to submit any claim about his employment to a joint grievance committee, which in turn could only award compensation specifically authorized by the CBA. *Id*. at 745. The committee had no authority—and no obligation—to award damages provided by

the FLSA but was "confined to interpretation and application" of the CBA. *Id*. In addition, under the CBA, Mr. Barrentine was represented by his union, and could not represent himself or retain counsel to represent him in the arbitration. *Id*. at 742. Further, the union could decide not to pursue Mr. Barrentine's FLSA claims for strategic reasons. *Id*. Noting these limitations, the Supreme Court held that while courts should defer to an arbitral decision where the employee's claim is based on rights arising out of the CBA, where (as in the case of Mr. Barrentine who asserted claims under the FLSA) the employee's claim is based on rights arising out of a statute, a plaintiff could bring claims to vindicate such rights directly in federal court without first exhausting the CBA's administrative procedures. *Id*.

As this Court recognized, *Barrentine* is irrelevant to the question raised by Ms. Bynum because the *Barrentine* court "did not rule on whether individual FLSA claims could be arbitrated pursuant to a private agreement between an individual employee and employer." Order at 19. Further, *Barrentine* is also irrelevant because that case was not decided under the FAA, so the statute's "liberal policy favoring arbitration" was not at issue. *Id*.

In her motion, Ms. Bynum continues to argue that *Barrentine* is relevant because the agreement in *Barrentine* was "found to potentially undermine FLSA rights for a variety of reasons which also exist in this case in addition to others." Motion at 5. But Ms. Bynum does not explain how the "reasons" that purportedly existed in *Barrentine* are relevant here. Indeed, none of the concerns that the Supreme Court cited in supporting its decision in *Barrentine* applies to this case. Unlike Mr. Barrentine whose damages were limited by the terms of the collective-bargaining agreement, Ms. Bynum's independent contractor agreement does not limit her remedies in any way, and the arbitrator is authorized to award Ms. Bynum the maximum remedies provided by law. Also unlike Mr. Barrentine, who could not represent himself or retain

1100730 6

counsel to represent him, Ms. Bynum alone determines her own representation, and there are no limits on who or what type of counsel she could retain to represent her in arbitration. Moreover, unlike Mr. Barrentine's situation in which the union could unilaterally decide not to pursue his claims, Ms. Bynum herself determines what claims to bring against Instacart, when to settle any such claims, or whether to pursue any claims at all. Accordingly, as this Court has concluded, the "prudential considerations" underlying *Barrentine* are "simply not applicable here." Order at 20 (*citing Ciago v. Ameriquest Mortg. Co.*, 295 F. Supp. 2d 324, 332 (S.D.N.Y. 2003)).[1]

Ms. Bynum's arguments simply fall short of the high threshold required for certification under §1292(b). Indeed, Ms. Bynum has not cited a single case that suggests that FLSA claims are not arbitrable pursuant to an enforceable private agreement to arbitrate under the FAA. Nor has she put forth any authority for the proposition that a private agreement to arbitrate FLSA claims under the FAA should be ignored if one party to the bargain perceives after the fact that arbitration would violate or frustrate her FLSA rights. Like *Barrentine*, none of the other cases Ms. Bynum relies on is relevant to the issues here, and thus none supports her argument.[2]

---

[1] Ms. Bynum further argues that her FLSA rights may be undermined because "arbitrators are not bound by rules of law and their decisions are essentially final." Motion at 7 (citing *Aimcee Wholesale Corp. v. Tomar Prods., Inc*., 21 N.Y. 2d 621 (1968)). She speculates that an arbitrator may hold that "Plaintiff waived her FLSA rights merely by signing an independent contractor agreement," and such an erroneous ruling "may" survive on appeal. *Id*. However, her argument is pure speculation, unsupported by any facts or law. Indeed, section 7.3 of the parties' Independent Contractor Agreement makes clear that "the Arbitrator shall not have the power or authority to commit errors of law or legal reasoning." ECF No. 11 at 11 (Wake Decl. Ex. A at section 7.3) Moreover, contrary to Ms. Bynum's argument, numerous courts have recognized limits on arbitral error. *See Jonites v. Ezelon Corp.*, 522 F.3d 721 (7th Cir. 2008) (holding that if the arbitrator does not comply with the FLSA, the award would be set aside). Indeed, the cases that Ms. Bynum cites support this conclusion. *See Westerbeke Corp. v. Daihatsu Motor Co*., 304 F.3d 200, 209 (2d Cir. 2002) (holding courts may vacate awards "for an overt disregard of the law …"); *DiRussa v. Dean Witter Reyholds Inc.*, 121 F.3d 818, 824 (2d Cir. 1997) (an arbitral award may be modified if the arbitrator engaged in "manifest disregard of the law.")

[2] None of the other cases Ms. Bynum cites supports her argument that certification is appropriate

Ms. Bynum further argues that immediate appeal of the February 12, 2016 Order "may materially advance the termination of this litigation" because "this case will almost certainly end up before the Second Circuit." Motion at 7-8. The Court need not consider Plaintiff's argument, because, as demonstrated above, the request for certification should be denied because the appeal does not involve a controlling question of law as to which there is a difference of opinion. But even if the Court were to consider Ms. Bynum's argument, she is incorrect that certification would advance or expedite the litigation, because she intends to appeal the Court's decision to the Second Circuit, either now or later. If such an argument were sufficient, this factor would be satisfied in any case where the party seeking certification vows to pursue an appeal. That is simply not the law, and there is no reason to believe here that an interlocutory appeal would "materially advance" the termination of this litigation. To the contrary, an interlocutory appeal will only delay the eventual litigation of this dispute on its merits.

Ms. Bynum also argues that "[c]ertification would also be of tremendous benefit to the courts and litigants." *Id*. at 8. That is incorrect. While certification and an appellate decision on a question of law where there is a difference of opinion, would be of great benefit to other

---

in this case. *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016), does not support her argument because the case deals with a question not relevant here—whether an employee's right to collective action under the National Labor Relations Act (NLRA) was substantive rather than procedural, and whether the parties' arbitration agreement which curtailed such right was enforceable. *Lewis* is not relevant because this case is not a collective action. Similarly, neither the Supreme Court's decision in *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946) nor its decision in *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), is relevant, because neither case involves an arbitration provision. Lastly, Ms. Bynum's reliance on *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), is also misplaced. The question at issue in *Cheeks*— whether FLSA actions are an exception to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)'s general rule that parties may stipulate to the dismissal of an action without the involvement of the court, has no relevance to the analysis of whether FLSA claims are arbitrable. *See* Order at 22 (because no "question regarding the arbitrability of FLSA claims was raised," Ms. Bynum's "reference to the Second Circuit's decision in Cheeks is therefore misplaced.")

similarly situated litigants, and arguably the public at-large, that is not the case here. That is because the question of law at issue is well-settled and there is no difference of opinion as to how a court would rule.

Accordingly, Instacart respectfully requests that the Court deny Ms. Bynum's request for certification of the Court's February 12, 2016 Order. The request should be denied because Ms. Bynum has failed to demonstrate that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and has failed to satisfy the high threshold of a §1292(b) certification.

### B. Ms. Bynum's waiver of arbitration does not have the effect of converting the Court's order into a final appealable order.

Ms. Bynum's alternative argument that she should be allowed to take a direct appeal to the Second Circuit by waiving her right to arbitration, should also be rejected. Ms. Bynum may not manufacture finality by simply stating that she would like to waive her arbitration rights. There are two main problems with Ms. Bynum's request.

*First*, Ms. Bynum is wrong as a matter of law that that the district court's "February 12, 2016 order is final and appealable" when she "disclaimed/waived further action." Motion at 10. In similar contexts, courts have soundly rejected plaintiffs' attempt to manufacture an interlocutory appellate right by failing to prosecute their claims. *See Sullivan v. Pacific Indem. Co.*, 566 F.2d 444 (3d Cir. 1977); *Camesi v. University of Pittsburgh Med. Center*, 729 F.3d 239 (3d Cir. 2013). In *Sullivan*, the plaintiff brought a class action under Federal Rule of Civil Procedure 23, and on the day that the case was scheduled for trial, the district court denied the plaintiffs' motion to certify a class action. 566 F.3d at 445. The plaintiffs, in turn, refused to present any evidence at trial and the court dismissed their claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The plaintiffs then sought review of the denial of class

certification, arguing that the dismissal for failure to prosecute was a final order appealable under 28 U.S.C. § 1291.

The Court of Appeals dismissed the plaintiffs' appeal for lack of an appealable order. The court began its opinion by observing that a class certification decision is not an appealable final order under §1291 but rather is an interlocutory order. *Id*. at 445. The court characterized the dismissal for failure to prosecute "as an attempt to avoid this court's firm position against interlocutory appeals of class certification determinations." *Id*. Such a strategy, according to the court, was impermissible because "if a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened." *Id*.

Similarly, in *Camesi*, 729 F.3d 239 (3d Cir. 2013), the Third Circuit observed that allowing a plaintiff to manufacture finality for purposes of appeal "would greatly undermine the policy against piecemeal litigation embodied in § 1291." *Id*. at 246. The court explained: "If we were to allow such a procedural sleight-of-hand to bring about finality here, there is nothing to prevent litigants from employing such a tactic to obtain review of discovery orders, evidentiary rulings, or any of the myriad decisions a district court makes before it reaches the merits of an action." *Id*. at 245-46. The court further reasoned that the plaintiff could have obtained appellate review of the interlocutory order at issue by asking the district court to certify their interlocutory orders for appeal under §1292(b). Having failed to do so, plaintiff may not attempt to "short-circuit the procedure for appealing an interlocutory district court order that is separate from, and unrelated to, the merits of the case." *Id*. at 245. By the same token, here, Ms. Bynum may not manufacture finality by refusing to proceed further in her case.

*Second*, Ms. Bynum has failed to cite a single case to support her argument that her waiver of arbitration has the effect of converting the February 12, 2016 Order into a final decision on the merits.  The principal case that she relies on—*Slayton v. Am. Express Co.*, 460 F.3d 215 (2d Cir. 2006), does not support her argument.  Contrary to Ms. Bynum's assertion, *Slayton* does not stand for the broad proposition that "a party can convert a non-final order into a final order for purposes of appeal by waiving further action in a case." Mot. at 9.  Rather, *Slayton* addressed the specific question of whether the plaintiff's notice of appeal, filed after the trial court dismissed his amended complaint *with leave to amend* under Federal Rule of Civil Procedure 12(b)(6), was effective and proper.  The Second Circuit held that the notice of appeal, although improper at the time it was filed, became effective after the plaintiff notified the trial court that he did not intend to amend his complaint.  The court held that the plaintiff's notice transformed the non-final judgment into a final judgment, rendering his notice of appeal effective.  Thus, *Slayton* is irrelevant to this case because it did not address what constitutes a "final decision with respect to arbitration" under the FAA.

To the extent *Slayton* is relevant to the question of whether an order is a final order for purposes of appeal under 28 U.S.C. §1291, the decision does not assist Ms. Bynum.  Unlike *Slayton*, in which the plaintiff's decision not to amend his complaint automatically converts the order dismissing his claims to a final order on the merits of the claims, here, Ms. Bynum's refusal to arbitrate her claims, has no similar effect.  In fact, the February 12, 2016 Order could not be converted into a final order on the merits of the claims, because the order itself does not address the merits of any claim asserted by Ms. Bynum.  Rather, the Order addresses only whether her claims are subject to arbitration pursuant to her Independent Contractor Agreement with Instacart, whether the claims fall within the scope of the agreement, and whether the

agreement is valid and enforceable. The Court undertook no analysis of the substantive claims, nor did it address any affirmative defenses by Instacart to such claims. Accordingly, the Order is not "a final order" on the merits of the claims asserted by Ms. Bynum. *See Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) ("[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").[3]

Accordingly, her waiver of arbitration is insufficient to create a final decision for purposes of appeal.

## IV. CONCLUSION

For the foregoing reasons, Instacart respectfully requests that the Court (1) deny Ms. Bynum's request for certification under section 1292(b); and (2) further hold that her waiver of arbitration does not entitle her to a termination of the stay and dismissal of the action.

////

////

////

////

////

////

////

---

[3] It is also unclear what collateral estoppel effect, if any, Ms. Bynum's waiver of arbitration has on her claims against Instacart. Ms. Bynum herself has never submitted any declaration supporting her counsel's statement that she had decided to waive her arbitration rights. While her counsel previously stated on numerous occasions that Ms. Bynum had "decided to decline/waive arbitration" in order to take an appeal as of right of the Court's order, her counsel now states that Ms. Bynum will only waive her arbitration rights if the Court declines to certify its Order pursuant to 28 U.S.C. §1292(b).

1100730     12

Date: August 31, 2016
San Francisco, California

KEKER & VAN NEST LLP


*/s/ Benjamin Berkowitz*
BENJAMIN BERKOWITZ *(pro hac vice)*
NIKKI K. VO *(pro hac vice)*
RYAN K. WONG *(pro hac vice)*

633 Battery Street
San Francisco, CA 94111-1809
415 391 5400 (Telephone)
415 397 7188 (Facsimile)

REAVIS PARENT LEHRER LLP
ALICE K. JUMP
41 Madison Avenue, 41st Floor
New York, NY 10010
Tel: (212) 763-4100
Fax: (212) 763-4141
Email: ajump@rpl-law.com

Attorneys for Defendant
MAPLEBEAR, INC. dba INSTACART