UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MELODY BYNUM,<br><br>                       Plaintiff,<br><br>    – against –<br><br>MAPLEBEAR INC., d/b/a INSTACART,<br>                Defendant. | **POST REMAND<br>MEMORANDUM, ORDER<br>& JUDGMENT**<br><br>15-CV-6263 |

**Parties**                                                    **Appearances**

**Melody Bynum**                    represented by  **Abdul Karim Hassan**
                                                   Abdul Hassan Law Group, PLLC
                                                   215-28 Hillside Avenue
                                                   Queens Village, NY 11427
                                                   718-740-1000
                                                   Fax: 718-740-2000
                                                   Email: abdul@abdulhassan.com

**Maplebear Inc.**                    represented by  **Alice Keeney Jump**
*doing business as*                                Reavis Parent Lehrer LLP
Instacart                                          41 Madison Avenue
                                                   41st Floor
                                                   New York, NY 10010
                                                   Email: ajump@rpl-law.com

                                                   **Benjamin W. Berkowitz**
                                                   **Nikki Vo**
                                                   **Ryan Wong**
                                                   Keker & Van Nest LLP
                                                   633 Battery Street
                                                   San Francisco, CA 94111
                                                   Email: bberkowitz@kvn.com
                                                   Email: nvo@kvn.com
                                                   Email: rwong@kvn.com

JACK B. WEINSTEIN, Senior United States District Judge:

I.      Introduction ................................................................................................ 1

II.     Procedural Background ............................................................................. 4

        A.  Arbitration Compelled; Case Stayed............................................... 4

        B.  Request for Modification of February Order Denied ...................... 5

        C.  Dismissal and Mandate by Court of Appeals for the Second Circuit ........................... 6

        D.  Plaintiff's Motion for Leave to Appeal ........................................... 7

        E.  Hearing on Plaintiff's Motion and Court of Appeals' Mandate .................. 7

III.    Law ............................................................................................................ 8

        A.  Certification Pursuant to 28 U.S.C. § 1292(b) ............................... 8

        B.  Stay of Litigation when Arbitration is Compelled .......................... 9

        C.  Dismissal ...................................................................................... 11

IV.     Application of Law to Facts .................................................................... 12

        A.  Certification Pursuant to 28 U.S.C. § 1292(b) ............................. 12

        B.  Dismissal on the Merits ................................................................ 15

V.      Conclusion .............................................................................................. 23

## I.      Introduction

The case is before this court upon a mandate from the Court of Appeals for the Second Circuit.  *See* Mandate, United States Court of Appeals for the Second Circuit, July 13, 2016, ECF No. 41 ("Mandate").  In a memorandum and order dated February 12, 2016 ("February Order"), this district court had granted defendant's motion to compel arbitration and stayed proceedings pending arbitration.  *See generally Bynum v. Maplebear Inc.*, 160 F. Supp. 3d 527 (E.D.N.Y. 2016), *appeal dismissed* (July 13, 2016).

Plaintiff had initiated the action to recover unpaid overtime and other expenses under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  After severing unconscionable provisions relating to venue and fees, the February Order ruled that the parties had entered into a valid arbitration agreement and plaintiff's claims fell within its scope.

1

Plaintiff appealed. The Court of Appeals for the Second Circuit dismissed the appeal. It ruled that because a stay rather than dismissal was granted, the February Order is non-final and a court of appeals does not have jurisdiction. The mandate stated that "[t]he district court should determine, in the first instance, whether the Appellant's waiver of the right to arbitrate entitles the Appellant to termination of the existing stay and dismissal of the action, and/or whether certification under 28 U.S.C. § 1292(b) is appropriate." Mandate, July 13, 2016.

Plaintiff then filed a motion in the district court for leave to appeal. She seeks either (1) certification of the February Order pursuant to section 1292(b) of the United States Code, title 28, or, in the alternative, (2) a finding that the February Order is final in light of her intention to "waive" arbitration. *See* Pl.'s Mot. for Leave to Appeal, Aug. 18, 2016, ECF No. 44 ("Pl.'s Mot. for Leave to Appeal"). Defendant filed a memorandum in opposition to plaintiff's motion. *See generally* Def.'s Mem. in Opp'n to Pl.'s Mot. for Appellate Certification, Aug. 31, 2016, ECF No. 51 ("Def.'s Opp'n Mem.").

Whether certification is proper under section 1292(b) of the United States Code, title 28, depends upon whether the order involves "a controlling question of law as to which there is substantial ground for difference of opinion" and whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Plaintiff argues that the relevant "controlling question" is whether FLSA claims are non-arbitrable as a matter of law. *See* Pl.'s Mem. in Supp. of Mot. for Leave to Appeal, Aug. 18, 2016, ECF No. 45 ("Pl.'s Mem."), at 3-7; *see also* Pl.'s Reply in Supp. of Mot. for Leave to Appeal, Sept. 6, 2016, ECF No. 53 ("Pl.'s Reply Mem."), at 1-6. This argument has no force. The Supreme Court has specifically recognized the arbitrability of statutory claims. Courts both within and outside this circuit—including in cases

involving the same defendant, agreement, and facts as in the instant case—have enforced valid agreements to arbitrate FLSA claims.  *See infra* Part IV.A.

In the alternative, plaintiff states she will "waive her right to arbitration" and requests that the court rule the February Order final and appealable in light of such a waiver.  "[T]he relevant question," plaintiff argues, "is whether a party can convert a non-final order into a final order for purposes of appeal by waiving further action in a case."  Pl.'s Mem. at 9.  She says she understands that, should the Court of Appeals not find in her favor, she will end up foregoing her claims entirely.  *Id*. (stating that "Plaintiff waives arbitration with the understanding that if she loses the appeal, she will also lose her claims and cannot thereafter pursue them in arbitration"); *see also* Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 5:8-14, 9:13-21, 13:22-14:5; *infra* Part IV.B.

Plaintiff's counsel brought a near identical claim on behalf of a different plaintiff in the Southern District of New York, against the same defendant.  That action was decided contemporaneously with the instant one.  *See Moton v. Maplebear Inc*., No. 15-CV-8879, 2016 WL 616343 (S.D.N.Y. Feb. 9, 2016).  The *Moton* judge found the arbitration agreement valid, granted defendant's motion to compel arbitration, and stayed court proceedings pending arbitration.  The plaintiff appealed that decision and the Court of Appeals for the Second Circuit issued the same mandate as in the instant case.  *See Moton v. Maplebear Inc*., No. 15-CV-8879, Mandate, United States Court of Appeals for the Second Circuit, July 13, 2016, ECF No. 37.

For the reasons stated orally on the record, the instant case is dismissed on the merits.  *See generally* Hr'g Tr., Sept. 8, 2016, ECF No. 58.  On the advice of counsel, plaintiff indicated her refusal to arbitrate.  *See id*. at 5:3-18, 9:13-21, 9:25-10:3, 14:2-5, 17:9-20.  There is no reason to delay dismissal when plaintiff states she is abandoning the case.  *See, e.g.*, *id*. at 18:17-19:2.  The court makes no finding with respect to whether the instant dismissal will allow plaintiff to appeal

3

the February Order.  Plaintiff was advised that dismissal on the merits would probably result in her foregoing her claims entirely.  *See id.* at 5:8-14, 9:13-21, 13:22-14:5.

## II.     Procedural Background

### A.      Arbitration Compelled; Case Stayed

Plaintiff alleged that she was misclassified as an independent contractor and was not paid overtime wages in violation of the FLSA and NYLL.  *See generally* Compl., Oct. 30, 2015, ECF No. 1 ("Compl.").  She had entered into an employment contract with defendant.  Included was an agreement to arbitrate disputes before JAMS, a national private organization providing arbitration services.  *See Bynum*, 160 F. Supp. 3d at Part II.B.

In February 2016, this court granted defendant's motion to compel arbitration.  After severing the arbitration agreement's objectionable venue and fee-related clauses, it determined that the parties had entered into a valid and enforceable agreement to arbitrate, which encompassed plaintiff's wage claims.  Rejected was plaintiff's argument that FLSA claims are *per se* non-arbitrable.  The case was stayed—rather than dismissed—pending arbitration, pursuant to section 3 of the Federal Arbitration Act ("FAA") and defendant agreed to commence the arbitration.  The court ordered:

> The case is stayed pending arbitration pursuant to section 3 of the FAA.
>
> Defendant shall promptly file an arbitration demand with JAMS in New York. If JAMS is unwilling to accept the arbitration in New York for any reason, either party shall by letter notify the court. The court will then set a trial date. The parties and JAMS are requested to take appropriate prompt steps to determine whether the arbitration can go forward.

*Id*. at 541-42.

### B.      Request for Modification of February Order Denied

On February 29, 2016, plaintiff wrote to the court stating that she had decided to "*decline* arbitration, and *take an appeal as of right* to the Second Circuit."  Pl.'s Letter re Appellate Review of Arbitration Order, Feb. 29, 2016, ECF No. 37 (emphasis added).  Plaintiff explained that:

> [A]fter a careful and further review of the Court's order, JAMS' rules and its arbitration process, arbitration jurisprudence, the many inconsistencies and uncertainties, and a variety of scenarios, we have concluded that there is no guarantee that Plaintiff will not lose her FLSA rights in arbitration, or be responsible for costs and fees, when the dust settles . . . .  Defendant has also indicated that a co-worker of Plaintiff will likely face counterclaims in arbitration – it is therefore a real possibility that Defendant may use counterclaims strategically and improperly against Plaintiff . . . .
>
> As such, Plaintiff has concluded that the potential benefits of recovering a relatively small amount of wages, are prohibitively outweighed by the risks and potential costs of arbitration in the context of this case.
>
> Because Plaintiff cannot take such risks, she has decided to decline arbitration, and take an appeal as of right to the Second Circuit Court of Appeals.

*Id*. at 1-2.

Plaintiff requested that the court "*convert its stay to a dismissal* of the action," so that she could pursue an appeal of the February Order.  *Id*. at 2 (emphasis added).  Simultaneously, she filed a notice of appeal.  *See* Notice of Appeal as to Order on Mot. to Compel, Feb. 29, 2016, ECF No. 38.

Defendant contended that plaintiff could not pursue an appeal as "of right" from an order compelling arbitration under the FAA.  Its position was that, while an interlocutory appeal may be taken from an order *denying* a motion to compel arbitration, this relief is not available in the case of an order *compelling* arbitration.  Def.'s Letter, Mar. 1, 2016, ECF No. 39 (citing 9 U.S.C. § 16(a)-(b); *Cotton v. Slone*, 4 F.3d 176, 178 (2d Cir. 1993); *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743,

748 (2d Cir. 1991)).  It argued that a stay of the litigation is mandatory when arbitration is compelled under the FAA.  *Id*. at 2 (citing *Katz v. Cellco Partnership*, 794 F.3d 341, 346 (2d Cir. 2015); 9 U.S.C. § 3).  Defendant denied having any intention to initiate counterclaims against plaintiff.  *Id*.

Denied was plaintiff's request to modify the February Order and dismiss the action.  *See* Order, Mar. 3, 2016, ECF No. 40.

### C.        Dismissal and Mandate by Court of Appeals for the Second Circuit

Plaintiff's appeal of the February Order was dismissed.  *See* Mandate, July 13, 2016.  The appellate court found it had no jurisdiction to hear the case because no final order had been issued. It suggested that the district court first determine whether plaintiff's waiver of the right to arbitrate entitles her to termination of the existing stay and dismissal of the action, or whether certification under section 1292(b) of United States Code, title 28, is appropriate:

> This Court has determined that it lacks jurisdiction over this appeal because a final order has not been issued by the district court within the meaning of 9 U.S.C. § 16(a). *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86-87 (2000); *Katz v. Cellco Partnership*, 794 F.3d 341, 344 (2d Cir. 2015). The district court should determine, in the first instance, whether the Appellant's waiver of the right to arbitrate entitles the Appellant to termination of the existing stay and dismissal of the action, and/or whether certification under 28 U.S.C. § 1292(b) is appropriate. We do not now decide whether dismissal of the action based on the waiver would be proper, whether such a dismissal could be appealed, or whether mandamus review would be the only means to challenge whatever district court order is ultimately entered.

Mandate, July 13, 2016.

### D.     Plaintiff's Motion for Leave to Appeal

Plaintiff now seeks to appeal this court's February Order compelling arbitration of her FLSA and NYLL claims.  In order to do so, she seeks the following forms of relief, in the alternative:

*First*, certification of the February Order "and any related orders" for an interlocutory appeal under section 1292 of the United States Code, title 28.  *See* Pl.'s Mem. at 1.

*Second*, if certification is denied, she states that she is ready to "waive arbitration" so that the February Order can be converted into a final order dismissing the action (rather than a stay of litigation pending arbitration).  *See id.*  She claims to understand that, should she waive arbitration and her appeal be denied, she would then be unable to pursue her FLSA claims—either through litigation or arbitration.  *Id.* at 9 (stating that "Plaintiff waives arbitration with the understanding that if she loses the appeal, she will also lose her claims and cannot thereafter pursue them in arbitration"); *see also* Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 5:8-14, 9:13-21, 13:22-14:5.

Defendant opposes plaintiff's request.  It argues that plaintiff fails to meet the high threshold required for interlocutory appellate certification and she cannot "by her own action . . . create finality and secure an otherwise unavailable interlocutory appeal under the FAA."  Def.'s Opp'n Mem. at 1.

### E.     Hearing on Plaintiff's Motion and Court of Appeals' Mandate

A hearing on the issues raised by the Court of Appeals for the Second Circuit in its mandate and on plaintiff's motion for leave to appeal was conducted.  Plaintiff was present in person with counsel.  A representative of defendant appeared telephonically from California.  *See generally* Hr'g Tr., Sept. 8, 2016, ECF No. 58.

The court repeatedly inquired about plaintiff's intention to forego arbitration, as well as her understanding that the refusal to arbitrate would lead to a dismissal on the merits and a probable loss of her claims:

> THE COURT: Madam, is that what you want to do, you want to waive your right to arbitration?
>
> PLAINTIFF BYNUM: That is correct, yes.
>
> THE COURT: On the advice of counsel?
>
> PLAINTIFF BYNUM: That is correct.
>
> THE COURT: Do you know that that will lead to dismissal of your case on the merits, which means you can't bring the case again; do you understand that?
>
> PLAINTIFF BYNUM: I do, yes. It was explained.
>
> THE COURT: And you advised her of that?
>
> MR. HASSAN: Yes, Your Honor. We went through this in great detail.
>
> THE COURT: So when you say you're waiving arbitration, I take it you mean you refuse to go to arbitration; is that right?
>
> PLAINTIFF BYNUM: That is correct, yes.

Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 5:3-18; *see also id.* at 9:13-21,13:22-14:5, 17:9-18:6.

## III.   Law

### A.   Certification Pursuant to 28 U.S.C. § 1292(b)

Section 1292 of the United States Code, title 28, outlines the instances where interlocutory appeals of a district court order may be taken.  Essentially, it provides a method of circumventing the federal principal blocking interlocutory appeals in favor of appeals from final judgments.  Pursuant to section 1292(b):

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such *order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation*, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292 (first emphasis added).

## B.      Stay of Litigation when Arbitration is Compelled

Section 16 of the FAA governs appellate review of arbitration orders.  *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000); 9 U.S.C. § 16.  It provides for limited appeals, and denies them for stays:

(a) An appeal may be taken from--

(1) an order--

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

9

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an *appeal may not be taken from an interlocutory order--*

(1) *granting a stay* of any action *under section 3 of this title*;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16 (emphasis added).

If arbitration is compelled and the litigation is *dismissed*, the order of dismissal is a "final decision with respect to arbitration" pursuant to section 16(a)(3) of the FAA—a final appealable order.  *See Green Tree Fin. Corp.-Alabama*, 531 U.S. at 86; *Katz*, 794 F.3d at 346; 9 U.S.C. § 16(a)(3).  In *Green Tree*, the Supreme Court explained:

> Section 16(a)(3) . . . preserves immediate appeal of any "final decision with respect to an arbitration," regardless of whether the decision is favorable or hostile to arbitration.  And as petitioners and respondent agree, the term "final decision" has a well-developed and longstanding meaning. It is a decision that "'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'"

*Green Tree Fin. Corp.-Alabama*, 531 U.S. at 86 (citations omitted).

An order compelling arbitration and *staying* litigation proceedings is an interlocutory order that is not final and not appealable.  Pursuant to section 16(b), unless certification is granted under section 1292 of title 28, an appeal may not be taken from an interlocutory order either granting a stay pursuant to section 3 or directing arbitration to proceed under section 4 of the FAA.  No issue of mandamus is raised by the parties as a method of avoiding the rule on interlocutory appeals.

10

In *Katz v. Cellco Partnership*, the Court of Appeals for the Second Circuit addressed the question of whether district courts retain discretion to dismiss or stay an action after having compelled arbitration as to all claims pursuant to a valid and binding agreement between the parties. The appellate court concluded that district courts *must* stay rather than dismiss proceedings when all claims are referred to arbitration and a stay is requested by one of the parties. The court explained that the "text, structure, and underlying policy of the FAA *mandate a stay of proceedings* when all of the claims in an action have been referred to arbitration and a stay is requested." 794 F.3d at 347 (emphasis added).

### C.    Dismissal

Rule 41 of the Federal Rules of Civil Procedure addresses the dismissal of actions. It provides that a plaintiff may voluntarily dismiss an action without a court order either before the opposing party serves an answer or a motion for summary judgment, or on stipulation signed by all parties. Fed. R. Civ. P. 41(a)(1).

If dismissal is sought after the opposing party has served an answer or a motion for summary judgment and without the consent of all parties, then it may only be granted by court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."); *see also* 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.) ("If an answer or a motion for summary judgment has been served, the plaintiff no longer has the right to dismiss and, unless all of the parties stipulate to dismissal, both Rule 41(a)(2) and a myriad of cases demand that a plaintiff who wishes to dismiss must obtain an order of the district court.") (footnotes omitted).

"The grant or denial of a dismissal on motion under Rule 41(a)(2) is within the sound discretion of the trial court."  9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.).  "Unless the order states otherwise," such a dismissal "is without prejudice."  Fed. R. Civ. P. 41(a)(2).

With respect to dismissals without prejudice, courts have generally found that they should be granted absent any prejudicial effects on the opposing party.  *See* 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.) ("The purpose of the grant of discretion under Rule 41(a)(2) that permits the district court judge to consider whether dismissal is appropriate under the circumstances of the case 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'") (footnote omitted).

If a plaintiff seeks dismissal with prejudice, courts have taken the view that the request *must* be granted:

> Many courts have taken the sensible position that dismissals without prejudice generally should be granted by the district court if no prejudicial effects would result for the opposing party. A different view has been taken, however, when a plaintiff wishes to dismiss with prejudice. *Since such a dismissal is a complete adjudication of the claims and a bar to a further action on them between the parties, it has been held that the district court has no discretion to refuse such a dismissal and cannot force an unwilling plaintiff to go to trial*.

9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.) (footnotes omitted) (emphasis added).

## IV.    Application of Law to Facts

### A.       Certification Pursuant to 28 U.S.C. § 1292(b)

Plaintiff argues that certification of the February Order for appeal under section 1292(b) of title 28 is proper because it involves a "controlling question of law as to which there is substantial ground for difference of opinion."  *See* Pl.'s Mem. at 3-7; *see also* Pl.'s Reply Mem. at 1-6.  The "controlling question," according to plaintiff, is "whether the FLSA 'nullifies an arbitration clause

contained in' the parties purported agreement"—*i.e.*, whether FLSA claims are arbitrable or not. Pl.'s Mem. at 3.  Plaintiff states that "[a] critical factor in determining whether Congress intended FLSA claims to be nonarbitrable, is whether arbitration is inconsistent with the FLSA or undermines FLSA rights."  *Id.* at 6.

She argues that the Supreme Court's ruling in *Barrentine v. Arkansas-Best Freight Sys. Inc.* and the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.* indicate that the Court of Appeals for the Second Circuit could now determine that plaintiffs may not be compelled to arbitrate FLSA claims.  *See id.* at 3.

In its February Order, this court found this argument without merit.  It distinguished *Barrentine* and *Cheeks* from the instant case, as follows:

- With respect to *Barrentine*, it has been distinguished from cases involving the arbitrability of individual statutory claims.  *See, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33-35 (1991).  It was not decided under the FAA so the statute's "liberal policy favoring arbitration" was not at issue. *See id.* at 35.  It also involved arbitration in the context of a collective bargaining agreement, where the claimants were represented by their unions; the relevant concern was the tension between collective representation and individual statutory rights.  *Id.*  The Court did not rule on whether individual FLSA claims could be arbitrated pursuant to a private agreement between an individual employee and employer.  *See Bynum*, 160 F. Supp. 3d at 539; *see also Moton*, 2016 WL 616343, at *5.

- With respect to *Cheeks*, in that case the Court of Appeals for the Second Circuit held that FLSA claims cannot be settled without the approval of a court or the United States Department of Labor.  While the finding in *Cheeks* appears to support a policy favoring transparency in FLSA disputes, which could arguably be frustrated by the confidentiality

13

of certain arbitration proceedings, this court noted in its February Order that "[n]o question regarding the arbitrability of FLSA claims was raised [in *Cheeks*].  Plaintiff's reference to the Second Circuit's decision in *Cheeks* is therefore misplaced.  That decision does not bear on the arbitrability of FLSA claims." *Bynum*, 160 F. Supp. 3d at 541; *see also Moton,* 2016 WL 616343, at *6-7.

Plaintiff has not pointed to anything in the text of the FLSA that suggests Congress intended to preclude arbitration of FLSA claims.  As indicated in the February Order, the Supreme Court has repeatedly recognized the strong federal policy in favor of arbitration, which extends to the enforcement of agreements to arbitrate statutory claims.  *See Bynum*, 160 F. Supp. 3d at 535 (citing *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 ("This duty to enforce arbitration agreements is not diminished when a party bound by an agreement raises a claim founded on statutory rights."); *Gilmer*, 500 U.S. at 26 ("It is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA.")).  The Court has declared that "[b]y agreeing to arbitrate a statutory claim*, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.*" *Gilmer*, 500 U.S. at 26 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler—Plymouth, Inc.*, 473 U.S. 614, 628 (1985)) (emphasis added).  *See also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001).

Although non-negotiable arbitration agreements have come under increasing scrutiny, courts in this and other circuits, including in cases involving the same defendant, agreement and general facts as the present one, have repeatedly affirmed valid agreements to arbitrate individual FLSA claims.  *See, e.g.*, *Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013) (finding that an employee can waive his or her ability to proceed collectively under the FLSA in an

14

arbitration agreement); *Arrigo v. Blue Fish Commodities, Inc*., 408 Fed. App'x 480 (2d Cir. 2011) (affirming district court's granting of motion to compel arbitration of FLSA claims); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir. 2002) (distinguishing *Barrentine* in a case involving an individual agreement to arbitrate because *Barrentine* "was limited to the case of collective-bargaining arbitration and was thus rooted in substantive concerns that simply do not apply" out of the collective bargaining context); *Bailey v. Ameriquest Mortg. Co.*, 346 F.3d 821, 824 (8th Cir. 2003) (compelling arbitration of FLSA claims); *Ciago v. Ameriquest Mortg. Co.*, 295 F. Supp. 2d 324, 332 (S.D.N.Y. 2003) (distinguishing *Barrentine* and stating that "because of the similar remedial purpose and enforcement mechanisms shared by the ADEA and FLSA, the reasoning in *Gilmer* dictates that claims under the FLSA may also be subject to compulsory arbitration provisions"); *Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71 (S.D.N.Y. 2015) (compelling arbitration of FLSA claims); *LaVoice v. UBS Fin. Servs., Inc.*, No. 11-CV-2308, 2012 WL 124590, at *9 (S.D.N.Y. Jan. 13, 2012) (same); *Steele v. L.F. Rothschild & Co., Inc.*, 701 F. Supp. 407, 408 (S.D.N.Y. 1988) (staying FLSA suit pending arbitration); *Moton*, 2016 WL 616343; *Cobarruviaz v. Maplebear, Inc.*, No. 15-CV-697, 2015 WL 6694112 (N.D. Cal., Nov. 3, 2015).

Plaintiff's motion for certification is denied.  Plaintiff has not demonstrated the existence of "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292.  Contrary to plaintiff's assertions, an appeal will not expedite completion of the litigation.  *See* Pl.'s Mem. at 7-9; Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 12:16-21.

### B.      Dismissal on the Merits

In the alternative, should the court not grant certification under section 1292, plaintiff states that she intends to "*waive her right to arbitration*."  Pl.'s Mem. at 9 (emphasis added).  In light of

her "waiver," plaintiff argues, the February Order should then be deemed "final and appealable." *Id*. According to plaintiff, by waiving arbitration she is waiving any further action in the case— in her opinion, this is sufficient to convert a non-final interlocutory order into a final one for purposes of appeal. *Id*. at 9-10 (citing *Slayton v. Am. Express Co*., 460 F.3d 215, 224-25 (2d Cir. 2006)).

In *Slayton*, the Court of Appeals for the Second Circuit found that the notice of appeal was effective, even though it was from a judgment dismissing the amended complaint *with leave to amend*, because *appellants disclaimed their intent to amend*.  *See* 460 F.3d at 224-25.

Plaintiff likens *Slayton* to the instant case:

> *Slayton* is controlling because as in this case, it involved a situation where the appellant disclaimed/waived further action in the lower court in order to make a non-final order final for purposes of appeal. In both *Slayton* and the instant case, once the parties disclaimed/waived further action below, there was nothing left for the district court to do – the standard for finality for purposes of appeal.

Pl.'s Mem. at 10.

The instant case is different from *Slayton*.  *See* Def.'s Opp'n Mem., at 11-12.  There, the district court had addressed the dispute on the merits.  Absent an amendment of the complaint, the court had disposed of the claims.   Here, plaintiff was *compelled*—assuming she was not abandoning her claim—to resolve her dispute through binding arbitration, in accordance with the parties' agreement.  The court stayed proceedings rather than dismissing them, in conformity with the Court of Appeals for the Second Circuit's decision in *Katz v. Cellco Partnership*.  The appellate court may change the *Katz* rule; this court may not.

Now plaintiff declares that she will forego arbitration entirely.  Essentially, plaintiff is moving to dismiss the case.  *See* Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 10:1-3 ("[THE COURT:] In effect, [plaintiff is] moving to dismiss this case; is that right?  [PLAINTIFF'S COUNSEL:]

16

That's the effect."); *see also* Pl.'s Reply Mem. at 6 ("Dismissal on the merits simply means the merits of the claim cannot be litigated again if Plaintiff loses the appeal – that is precisely the case here in light of Plaintiff's waiver of arbitration.").

Her counsel believes that dismissal will allow him to pursue an appeal of the February Order compelling arbitration.  Plaintiff states she understands that dismissal will lead to resolution of her claims on the merits—should any appeal be denied, she will have lost the ability to litigate her claims entirely:

> THE COURT: Madam, is that what you want to do, you want to waive your right to arbitration?
>
> PLAINTIFF BYNUM: That is correct, yes.
>
> THE COURT: On the advice of counsel?
>
> PLAINTIFF BYNUM: That is correct.
>
> THE COURT: Do you know that that will lead to dismissal of your case on the merits, which means you can't bring the case again; do you understand that?
>
> PLAINTIFF BYNUM: I do, yes.  It was explained.
>
> THE COURT: And you advised her of that?
>
> MR. HASSAN: Yes, Your Honor.  We went through this in great detail.
>
> THE COURT: So when you say you're waiving arbitration, I take it you mean you refuse to go to arbitration; is that right?
>
> PLAINTIFF BYNUM: That is correct, yes.
>
> . . .
>
> THE COURT: It is not interlocutory.  It is a final dismissal of the action on the merits. . . .
>
> MR. HASSAN: True, Your Honor.  If we lose the appeal, our claims are gone.
>
> THE COURT: The appeal?

> MR. HASSAN: If after you dismiss and we appeal, if we lose that
> appeal, it is gone, we are out of luck.

Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 5:3-18, 9:13-21; *see also* Pl.'s Mem. at 9.

The court addressed the possible ethical implications of counsel advising his client to

effectively forego her claims, when she could seek resolution through arbitration:

> THE COURT: The only thing that worries me about a dismissal on
> the merits is whether this attorney has acted ethically, I don't say
> you haven't, by putting the client's possible claim at risk for a
> decision on the merits, and whether, as an ethical and as a procedural
> question, this practice should be permitted. But the client is sitting
> right here next to him and she says -- you don't want to go forward
> with the case, right?
>
> PLAINTIFF BYNUM: Correct. Yes.

Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 13:22-14:5. Plaintiff reiterated her intention to abandon

arbitration and dismiss the case on the merits:

> THE COURT: I see. You want to stop your case; is that right,
> Madam?
>
> PLAINTIFF BYNUM: For arbitration, yes.
>
> THE COURT: And for all purposes now, if you take that position, I
> am going to dismiss it on the merits.
>
> PLAINTIFF BYNUM: Correct.
>
> THE COURT: And then we'll have the Court of Appeals decide
> whether a dismissal on the merits is appropriate, where one of the
> parties says "I have been ordered to go to arbitration, but I prefer to
> withdraw my case." That's your position.
>
> MR. HASSAN: Yes, Your Honor.

*Id*. at 17:9-20.

Defendant argues that the arbitration should first be completed before a dismissal of the

instant action is granted. According to defendant, if plaintiff refuses to proceed with arbitration,

as she has indicated, the arbitrator should be allowed to close the arbitration for "failure to prosecute" before this court dismisses the presently stayed action:

> THE COURT: And so what do you want to do now?  They refuse to go to arbitration.
>
> MR. BERKOWITZ: It seems to us, Your Honor, that the arbitration ought to be, you know, decided on the merits.  Whether that's decided because of, you know, failure to prosecute or otherwise, that's really a decision for the arbitrator.  In other words, the case has now been -- the case has now been compelled to arbitration by this court.  You know, jurisdiction over any final decision on the merits of this case is in front of JAMS, and when -- if Ms. Bynum, you know, decides to fail to prosecute the case in JAMS, as she --
>
> THE COURT: As she already told me she decided that.
>
> MR. BERKOWITZ: As she says she may do.  The decision of how it --
>
> THE COURT: She didn't say "may."  She said she does now do.
>
> MR. BERKOWITZ: It seems to me that that is an issue that ought to be, you know, addressed in the first instance by JAMS, by the arbitrator.
>
> THE COURT: I don't understand what they have to address.  You have moved for arbitration; she refuses to go ahead.  The arbitrator can't do anything on your motion without her being present. . . . You come in and say, "I want to arbitrate this dispute."  She says, "I have no form of a dispute."  Right?  "I don't want to arbitrate."  Isn't that your position?
>
> PLAINTIFF BYNUM: Correct, it is.
>
> MR. BERKOWITZ: I think it is -- I don't think it is any -- I don't think it is any different than if we were in a court, Your Honor.  If the plaintiff in a court refused to proceed with the litigation, there would be a dismissal entered on that basis.  I think the same result will occur in arbitration.
>
> THE COURT: But I know that's what the result is.  Why put us through a further delay and perhaps require the plaintiff to spend money and time on this?

> MR. BERKOWITZ: Well, I think, Your Honor, I think the different
> -- I think the difference -- I mean, I think it goes down to what is
> considered, you know, a final judgment under the FAA.
>
> THE COURT: Well, if I dismiss it, then it is final.
>
> MR. BERKOWITZ: I think -- well, I guess my comment on that
> would be under the *Katz* decision, Your Honor, I don't believe -- I
> don't believe the Court has the discretion to dismiss the case under
> *Katz*.
>
> THE COURT: Maybe that's what we ought to have the Court of
> Appeals tell us. It seems to me a waste of arbitral resources, court
> resources, and the plaintiff's resources, to allow the arbitrator to do
> what the arbitrator has to do, dismiss.

Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 6:23-9:2.

Because of plaintiff's stated intention to abandon her claim, it is dismissed on the merits.

Plaintiff refuses to go forward with arbitration and wishes to terminate the litigation with the

understanding that the effect of such a position will be dismissal on the merits—meaning she can

never bring the action again. *See id.* at 5:8-14, 9:13-21, 13:22-14:5.

There may be some abstract reason for going through the formalities of engaging in the

arbitration where the arbitrator will be bound to dismiss the complaint. This court can see neither

a theoretical basis nor a pragmatic reason for a rule such as that proposed by defendant's counsel.

There is no purpose in delaying dismissal by waiting for an arbitrator—who has yet to be

appointed—to find that plaintiff has failed to prosecute her claims, when she has clearly stated her

intention not to proceed. As stated by the court at the September 8, 2016 hearing:

> I am going to dismiss. Either one of you can take it up on appeal,
> and we will get a ruling on whether you can do this and what the
> district court should do under these circumstances. My view is that
> the easiest and best thing to do is to cut the knot, dismiss on the
> merits, and end the dispute, without involving a major arbitral
> association, JAMS or AAA or any others, without involving courts
> in a further litigation after the arbitration, whatever it may be, with
> or without the plaintiff. And in my opinion, without burdening the
> Court of Appeals.

*Id*. at 18:17-19:1.

Under these circumstances, dismissal is proper under Federal Rule of Civil Procedure 41(a)(2). Dismissal on the merits will not unduly prejudice defendant.

Whether the strategy of plaintiff's counsel is in the best interest of his client is not apparent. Plaintiff states that she will "decline/waive arbitration because of the significant financial and other risks, and her right under the FLSA to bring and maintain her claims in a court of competent jurisdiction." Pl.'s Mem. at 10. At the September 8, 2016 hearing, plaintiff's counsel reiterated his position that there is "significant risk involved in arbitration." Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 4:22-25. He stated that "we don't even know what rules would apply in arbitration" and that "[w]e don't even know if this Court's striking of the fee shifting is final." *Id*. at 14:8-11. He explained his view that, in arbitration, plaintiff would be facing higher costs than her claims are worth:

> It is to trap the plaintiff in arbitration, and the plaintiff is facing a situation where for $3,000, she can potentially be facing liability, 10, 15, 20 times that. You have to be insane to do that. And I told the plaintiff, if I were her, I would never do it. It doesn't make any sense.

*Id*. at 14:19-24. He confirmed his position in a letter filed with the court following the September 8, 2016 hearing. *See* Corrected Suppl. Decl. by Pl.'s Counsel, Sept. 12, 2016, ECF No. 56-1.

At the February hearing on defendant's motion to compel, defendant agreed to pay the arbitrator's fees. *See* Hr'g Tr., Feb. 8, 2016 at 8:2-14. The parties also agreed to the striking of the provisions in the arbitration agreement relating to fee splitting and fee shifting. *Id*. The applicable JAMS Minimum Standards provide that the only fee that an employee may be required to pay is the JAMS' initial case management fee—all other costs must be borne by the company. *See Bynum*, 160 F. Supp. 3d at 538.

Plaintiff raised the possibility that defendant would initiate counterclaims, but defendant noted in a letter to the court that it has no intention of doing so. *See* Def.'s Letter, Mar. 1, 2016, ECF No. 39. This position constitutes a waiver of the right to bring a counterclaim, which this court is not likely to ignore.

By staying the case after granting defendant's motion to compel arbitration, this court specifically retained jurisdiction to ensure that plaintiff had a fallback forum in which to bring her claims. It struck venue and fee-related provisions that were in conflict with JAMS policy in employment disputes. And it instructed the parties to notify the court should JAMS be "unwilling to accept the arbitration in New York for any reason":

> If JAMS is unwilling to accept the arbitration in New York for any reason, either party shall by letter notify the court. The court will then set a trial date. The parties and JAMS are requested to take appropriate prompt steps to determine whether the arbitration can go forward.

*Bynum*, 160 F. Supp. 3d at 541-42.

It appears that counsel are fighting a procedural dual with a figmental windmill which has nothing to do with the merits of the case or the welfare of the plaintiff. *See, e.g.*, Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 14:25-15:4,16:18-21 ("I think what I have here is an attorney that wants to use this case to establish a general proposition in like cases that he has. I am not interested in that.") (court's statement); *see also* Corrected Suppl. Decl. by Pl.'s Counsel, Sept. 12, 2016, ECF No. 56-1.

But, in light of plaintiff's repeatedly stated intention to abandon arbitration and seek a dismissal on the merits, with the understanding that this may lead to the loss of her claims, this court is left with no alternative but dismissal. *See, e.g.*, 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.) (stating that courts have generally found that a plaintiff's request to dismiss his or her claims with prejudice must be granted: "Since such a dismissal is a complete adjudication of

the claims and a bar to a further action on them between the parties, it has been held that the district court has no discretion to refuse such a dismissal and cannot force an unwilling plaintiff to go to trial.") (footnotes omitted); *see also* Hr'g Tr., Sept. 8, 2016, ECF No. 58 at 12:1-3 (court stating that it is "a basic principle . . . of procedure . . . that the plaintiff controls her case").

## V.      Conclusion

Certification under section 1292 of the United States Code, title 28 is not appropriate. It would delay rather than save time. Plaintiff's request for certification is denied.

The case is dismissed on the merits, with prejudice. The Clerk of Court shall enter judgment in favor of defendant. No costs or disbursements are awarded to any party.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 19, 2016
Brooklyn, New York

23